IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARNELL W. MOON,   OPINION AND
                   ORDER
            Petitioner,
                   09-cv-681-slc[1]
      v.

CAROL HOLINKA, Warden,

            Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Darnell Moon, a prisoner at the Federal Correctional Institution in Oxford, Wisconsin, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is proceeding in forma pauperis. Petitioner contends that he lost good time credits at several disciplinary hearings that were held in violation of Bureau of Prisons program statement 5720.07 and without due process of the law. He asks for reinstatement of good time credits and other privileges, as well as monetary relief, a jury trial and costs. Because petitioner's allegations show that the challenged hearings satisfied the minimum

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. For the purposes of issuing this order and opinion, I am assuming jurisdiction over the case.

1

requirements of due process and federal law, he has failed to show that he is in custody in violation of the Constitution or laws of the United States as required under § 2241. Therefore, I will deny his petition and dismiss this case.

The following allegations of fact are drawn from the petition and the documents attached.

ALLEGATIONS OF FACT

Between February 17 and February 19, 2009, petitioner received incident reports #1834756, #1835489, #1835098 and #1834761. Initial hearings on the reports were held on February 20, 2009 before the unit disciplinary committee. After the initial hearing, the committee referred the cases to a disciplinary hearing officer, who scheduled institution hearings for March 5, 2009. When petitioner requested a staff representative and witnesses, the disciplinary hearing officer postponed the institution hearings and referred the incident reports back to the unit disciplinary committee for rehearings with witnesses and a staff advocate.

The committee conducted the rehearings on March 19, 2009, and again referred the charges to a disciplinary hearing officer, who held hearings on the related incident reports on March 26, 2009. He found petitioner guilty of the charged misconduct and imposed a penalty of loss of good time credits, loss of commissary and phone privileges and disciplinary

2

segregation.

Also on March 26, 2009, petitioner received incident report #1849765 and was charged with attempted assault for allegedly throwing a cake at an officer. Petitioner admitted to throwing the cake, but insisted that he was trying to hit the wall, not the officer. A disciplinary hearing officer held a hearing on April 16, 2009. Petitioner did not request witnesses or a staff representative. The hearing officer found petitioner guilty of attempted assault and imposed a penalty of 30 days' disciplinary segregation, loss of phone and commissary privileges and loss of 27 days of good time credit.

## DISCUSSION

A prisoner's challenges to loss of good time credits are properly raised under 28 U.S.C. § 2241. Jackson v. Carlson, 707 F.2d 943, 946 (7th Cir. 1983). Under § 2241, district courts may grant relief to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." (Such relief would not include the monetary relief that petitioner has requested.) Petitioner contends that his good time credits were taken away unlawfully because the bureau did not comply with the requirements of program statement 5270.07 that initial hearings be held within 72 hours of the issuance of an incident report. Also, petitioner appears to assert procedural due process violations in connection with his claim that fabricated evidence was used to support incident report

3

#1849765.

A. Federal Procedural Rules

In an order entered in DeRoo v. Holinka, 2008 WL 3981843, at *3 (W.D. Wis. Aug. 22, 2008) (citing Waletzki v. Keohane 13 F.3d 1079 (7th Cir. 1994)), I noted that claims for violations of federal statutes or even regulations may be brought under § 2241. However, there are limitations. As the court of appeals explained in Waletzki, 13 F.3d at 1081, habeas corpus allows no remedy for harmless or technical violations. Unlike suits for money damages, § 2241 offers one fairly inflexible remedy, namely, release. The statute cannot be used for claims that, if brought for money damages, "might get the plaintiff a few dollars, or even just a few cents." Id. (citations omitted).

Petitioner contends that his rights under Bureau of Prison program statement 5270.07 were violated because the initial hearings on incident reports #1834756, #1835489, #1835098 and #1834761 were held more than 72 hours after the incidents occurred. Under program statement 5270.07 and 28 C.F.R. § 541.15(b), each inmate charged with violating a prison rule is entitled to an initial hearing before the unit disciplinary committee. The program statement and regulation provide that the initial hearing should be "ordinarily held within three work days from the time staff became aware of the inmate's involvement in the incident." 28 C.F.R. § 541.15(b); P.S. 5270.07.

4

Petitioner's claim fails for two reasons.  First, it is not clear that the bureau violated its program statement or federal regulations.  Petitioner admits that an initial hearing was conducted within 72 hours of the related incidents.  The charges were remanded later to the unit disciplinary committee for a rehearing at petitioner's request.  In these circumstances, it is inevitable that the second hearing would not be held within 72 hours of the incident.

Nothing in the rules requires rehearings on remand to be held within 72 hours.  In addition, the program statement and regulations provide only that initial hearings must "ordinarily" be held within three work days of the related incident.  The rules contain no language *mandating* the holding of initial hearings within 72 hours.  This flexible language allows prison officials to handle circumstances such as petitioner's without violating procedural rules.

Second, even if the bureau did violate program statement 5720.07, the violation would be nothing more than a "technical" violation of the rules.  The timing of the hearings did not injure petitioner or prevent him from participating in the disciplinary hearing process.  For mere technical failings, habeas corpus cannot serve as a remedy.

Because petitioner has failed to show that violation of this procedural rule was anything more than technical, or that any violation occurred at all, his petition for a writ of habeas corpus will be denied as to his claim for violations of program statement 5720.07.

B. Due Process

Although petitioner does not assert due process violations explicitly, I read his allegations as a contention that his procedural due process rights were violated when fabricated evidence was used to support incident report #1849765.

Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Wolff v. McDonald, 418 U.S. 539, 556 (1974). However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive (1) advance written notice of the disciplinary charges at least 24 hours before a hearing; (2) an opportunity to call witnesses and present documentary evidence in his defense, when doing so is consistent with institutional safety and correctional goals; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. 445, 454 (1985); McPherson v. McBride, 188 F.3d 784, 785-86 (7th Cir. 1999). In addition, the findings of the factfinder must have the support of "some evidence in the record." Hill, 472 U.S. at 454. This requirement may be met with even "meager proof . . . so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

According to petitioner, incident report #1849765 must be expunged because the

6

officer who created it lied about what happened when he said that petitioner tried to throw a cake at him. Petitioner alleges that he was merely throwing cake at the wall so that the officer would have a big mess to clean up.

Petitioner has not shown that his due process rights were violated. Under federal law, courts are required to uphold the decisions of prison administrators that have some basis in fact. Hill, 472 U.S. at 456. Here, the prison disciplinary committee had a report from a staff eyewitness and petitioner's own admission that he had thrown cake. Petitioner declined to attend the hearing before the disciplinary hearing officer and did not request witnesses. The committee and hearing officer were free to weigh the staff member's statements against petitioner's own and conclude that the staff member was more credible. The evidence the committee and hearing officer relied on satisfies the due process requirements under Hill, 472 U.S. at 455.

Because petitioner has failed to show that his constitutional due process rights were violated, his petition for writ of habeas corpus will be denied with respect to his claim related to incident report #1849765.

ORDER

IT IS ORDERED that

1. Petitioner Darnell Moon's petition for writ of habeas corpus filed under 28 U.S.C.

§ 2241 is DISMISSED with prejudice for petitioner's failure to show that he is in custody in violation of the Constitution or laws of the United States.

2. The clerk of court is directed to enter judgment for respondent Carol Holinka and close this case.

Entered this 24th day of November, 2009.

                              BY THE COURT:

                              /s/

                              _____
                              BARBARA B. CRABB
                              District Judge